UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIOLA COMBS                                              CIVIL ACTION

VERSUS

EXXON MOBIL CORPORATION                        NO.: 18-00459-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 35)** filed by Defendant. Plaintiff filed a response. (Doc. 38). For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

I. BACKGROUND

Plaintiff began working for Defendant in 1990. (Doc. 1 at p. 2). Plaintiff claims that she was disabled and suffered from serious anxiety and depression due to work-related issues. (*Id.* at pp. 2-3). Plaintiff's supervisors were allegedly aware of the nature and extent of her disability. (*Id.* at p. 3). From January to March of 2015, Plaintiff took approved sick leave because of her mental health issues. (*Id.*). In June of 2015, Plaintiff was hospitalized for anxiety and depression. (*Id.*) After the conclusion of her hospitalization, she began treatment with a psychiatrist, who eventually certified that Plaintiff was fit for duty and could return to work provided that she be allowed to take a low dosage of Xanax as needed. (*Id.*) However, in August of 2015, a neuropsychologist determined that Plaintiff was not fit to return to duty and that she needed to continue working on her recovery. (*Id.* at p. 4). Plaintiff alleges

that Defendant eventually determined that she was incapacitated and terminated her employment. (*Id.*) Plaintiff filed her original complaint on April 12, 2018, alleging violations of the Americans with Disabilities Act. (Doc. 1 at p. 8). On February 12, 2019, Plaintiff amended her complaint to add claims under the (1) the Age Discrimination in Employment Act (ADEA), (2) Title VII of the Civil Rights Act, and (3) 42 U.S.C. § 1981. Defendant now seeks to dismiss Plaintiff's ADEA, Title VII, and § 1981 claims under Rule 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

### A. ADEA Claims

Defendant seeks to dismiss Plaintiff's ADEA and Title VII claims, alleging that they are time-barred. Both statutes require a plaintiff to file suit within ninety days

2

of receiving a notice of right to sue from the EEOC. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). Plaintiff alleges that she received her notice of right to sue on January 12, 2018. (Doc. 34 at p. 10). Plaintiff filed her original complaint on April 12, 2018, within the ninety-day period. (Doc. 1). However, Plaintiff filed her amended complaint on February 12, 2019, outside of the ninety-day period. (Doc. 34). Defendant asserts that because Plaintiff did not raise ADEA or Title VII claims in her original complaint, both claims were asserted outside the ninety-day period and thus should be dismissed.

The Court agrees. Plaintiff alleges in her amended complaint that she was discriminated against because of her age, race and sex. (Doc. 34 at p. 9). However, she does not raise any of these allegations in her original complaint. (Doc. 1). An amended complaint relates back to the original if "the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. Proc. 15(c). The United States Court of Appeals for the Fifth Circuit has instructed that relation back is not permitted when the amendment attempts to add a new legal theory unsupported by factual claims raised in the original complaint. *McGregor v. Louisiana*, 3 F.3d 850, 864 (5th Cir. 1993). Because Plaintiff did not allege race, age, or sex discrimination in her original complaint, the Court concludes that new legal claims based on such allegations cannot relate back to the original complaint. Accordingly, Plaintiff's Title VII and ADEA claims are dismissed.

## B.     42 U.S.C. § 1981 Claims

Defendant alleges that Plaintiff's § 1981 claims are also time-barred. Title 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295-96 (1976). Section 1981 originally only covered conduct at the initial formation of a contract. It did not protect conduct that occurred thereafter. The statute was amended in 1991 to create a cause of action for conduct that occurs after the formation of a contract.

The Fifth Circuit has held that if a claim arises under the original version of § 1981, it is subject to a one-year statute of limitations. *Hill v. Cleco*, 541 F. App'x 343, 345 (5th Cir. 2013). If an action arises under the amended version § 1981, it is subject to a four-year statute of limitations.[1] *Id.* Plaintiff's § 1981 claim stems from her allegation that she was passed over for promotion because of her race. "Failure to promote" claims were only actionable under the original version of § 1981 if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989). The promotion must have resulted in a "new and distinct relation between the employee and employer." *Hill*, 541 F. App'x at 345. Plaintiff asserts that her failure to promote claim does not involve such an allegation.

---

[1] Section 1981 itself does not contain a statute of limitations. *Culbert v. Cleco Corp.*, 926 F. Supp. 2d 886, 891 (W.D. La. Feb. 19, 2013). Title 28 U.S.C. § 1658 provides that a civil action arising under a federal statute enacted after 1991 is subject to a four-year statute of limitations. Thus, the Fifth Circuit has held that claims arising under the amended version of § 1981 are subject to a four-year statute of limitations. However, claims arising under the original version of § 1981 remain subject to the one-year prescription period in Louisiana for delictual actions. *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985); *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (holding that if a federal statute does not contain a statute of limitations, courts should apply the appropriate state statute of limitations).

4

The Court agrees. Plaintiff alleges that while employed with Defendant, she was subjected to racial discrimination because white male employees were promoted to positions for which she was equally or better qualified. (Doc. 34 at p. 9). Plaintiff specifies that she previously held the position of Plant Process Coordinator (PPC) on a temporary basis but was passed over for a permanent position as a PPC. (*Id.*). She also claims that she was passed over for pay raises. (*Id.*) On the basis of these facts alone, the Court cannot dismiss Plaintiff's § 1981 claim. There is no indication in the complaint that a position as a permanent PPC would have resulted in a "new and distinct" relationship between Plaintiff and Defendant. As such, Plaintiff's alleged facts allow the Court to draw the reasonable inference that Plaintiff's claim arises under the amended version of § 1981 and is thus subject to the four-year statute of limitations. Accordingly, at this stage of the litigation, the Court must allow the claim to proceed.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (35)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that Plaintiff's ADEA and Title VII claims are **DISMISSED.** Plaintiff's ADA and § 1981 claims remain.

**IT IS FURTHER ORDERED** that Plaintiff's request to file a third amended complaint is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 31st day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA