UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIOLA COMBS** | **CIVIL ACTION** |
| **VERSUS** | |
| **EXXON MOBIL CORPORATION** | **NO. 18-00459-BAJ-RLB** |

## RULING AND ORDER

Before the Court are three related motions: Defendant's sealed **Motion for Summary Judgment (Doc. 58)**; Plaintiff's **Motion To Strike Affidavits And Exhibits (Doc. 68)**; and Plaintiff's **Motion To File Opposing Statement Of Facts (Doc. 70)** (the "Motion for Leave"). Plaintiff opposes Defendant's Motion for Summary Judgment (*see* Doc. 67); Defendant opposes Plaintiff's Motion to Strike and Plaintiff's Motion for Leave (*see* Docs. 70, 74).

For the reasons stated herein, Plaintiff's Motion to Strike is **DENIED**; Plaintiff's Motion for Leave is also **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; Plaintiff's action is **DISMISSED WITH PREJUDICE**; and all remaining motions not addressed by this Order are **TERMINATED**.

### I. RELEVANT BACKGROUND

This is an employment discrimination case. Plaintiff, a former employee of Defendant, alleges that Defendant subjected her to various forms of unlawful discrimination—ultimately including wrongful termination—on the basis of her disability, race, sex, and age. (*See* Doc. 34). Three claims remain following the Court's August 1, 2019 Order partially granting Defendant's Motion to Dismiss:

discriminatory discharge, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); failure to accommodate Plaintiff's disability, in violation of the ADA; and failure to promote based on Plaintiff's race, in violation of 42 U.S.C. § 1981. (*See* Doc. 50).

On February 10, 2020, Defendant filed the instant Motion for Summary Judgment seeking dismissal of Plaintiff's remaining claims. (Doc. 58). In support, and as required by Rule 56 and Local Rule 56(b)(1), Defendant submitted a 149-paragraph list of "undisputed material facts" citing to record evidence. (Doc. 58-2). On the basis of these "undisputed" facts, Defendant contends that it is entitled to judgment as a matter of law because Plaintiff cannot prove the merits of her claims, and that Plaintiff's action must be dismissed with prejudice. (*See generally* Doc. 58-1). Alternatively, Defendant contends Plaintiff's claims must be dismissed on procedural grounds, including judicial and collateral estoppel, and applicable statutes of limitation. (*See* Doc. 58-1 at 13-16, 24-25).

Plaintiff's opposition to Defendant's Motion was due March 2, 2020. On February 28, Plaintiff sought a twenty-one day extension. (Doc. 59). The Court granted Plaintiff's request. Thereafter, the Court granted Plaintiff *two* additional extensions, extending Plaintiff's response deadline until May 7, 2020. (*See* Docs. 62, 66).

On May 7, 2020, Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment. (Doc. 67). At the outset, Plaintiff's Opposition states "Except as otherwise disputed in Plaintiff's Material Facts in Opposition, Plaintiff generally

adopts those general facts as set forth by the Defendant." (*Id.* at 1). Despite this statement, and contrary to Rule 56 and Local Rule 56(c), Plaintiff did *not* submit a separate opposing statement contesting Defendant's proposed "undisputed" facts. Nor does anything resembling such a statement appear in Plaintiff's Opposition brief itself. Indeed, Plaintiff's Opposition consists almost entirely of argument, evidently designed to show that "nearly every 'undisputed fact' is disputed." (*Id.* at 10). Plaintiff's Opposition cites only *two* items of record evidence (deposition excerpts) across 11 pages. (*See generally id.*).

On May 8, 2020, Plaintiff filed her Motion To Strike. (Doc. 68). This Motion seeks to prevent Defendant, at the summary judgment stage, from relying on witnesses and documents allegedly disclosed to Plaintiff for the first time on January 6, 2020, the discovery cutoff date. Plaintiff asserts that she lacked adequate opportunity to "properly vet" this evidence. (Doc. 68-1 at 4).

On May 12, 2020, Plaintiff filed her Motion for Leave seeking "an additional 3 days to File an Opposing Statement of Material Facts in Opposition" to Defendant's Motion for Summary Judgment. (Doc. 70 at 1). Plaintiff's counsel attributed his initial failure to file an opposing statement "to ongoing pandemic difficulties communicating and coordinating with his client, and ongoing lack of office assistants." Doc. 70-1 at 1. Counsel did not include a proposed opposing statement with Plaintiff's Motion for Leave, nor has counsel sought to supplement the record with a proposed pleading in the three months since.

3

## II. ANALYSIS

Given the interrelated issues presented by the motions, the Court must address Plaintiff's Motion to Strike and Motion for Leave before addressing Defendant's Motion for Summary Judgment.

### A. Motion To Strike

#### i. Standard

Plaintiff's Motion to Strike seeks relief from requirements and deadlines imposed by the Court's Local Rules. Federal Rule 83(a)(1) permits the Court to establish local rules. A valid local rule has the force of law. *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997). Litigants "are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law." *Jetton*, 121 F.3d at 426.

"Courts have broad discretion in interpreting and applying their own local rules," *Matter of Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984), and a party that "fails to comply with the Local Rules does so at his own peril." *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 537 (E.D. Tex. 2000). Absent a specific standard required by a particular Local Rule, this Court measures Plaintiff's Motion to Strike and Motion for Leave for "good cause." *E.g., Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, No. 18-cv-776, 2020 WL 1164835, at *1 n.1 (M.D. La. Mar. 11, 2020).

#### ii. Discussion

Plaintiff's Motion to Strike contends that certain evidence submitted by Defendant in support of Defendant's Motion for Summary Judgment should be stricken because it was not disclosed to Plaintiff until the discovery cutoff date.

Specifically, Plaintiff complains of six witness declarations, and written materials and transcripts from a prior arbitration involving the parties. (Doc. 68-1 at 2). Plaintiff asserts that she was prejudiced by Defendant's delayed disclosure of these items because she was unable to "properly vet" this evidence, and insists that had this evidence been disclosed sooner she "would have had the motivation and opportunity" to investigate. (*Id.* at 3-5).

The Court is not persuaded. First, motions to strike are positively forbidden in these circumstances. Local Rule 56(e) could not be more clear:

> **Motions to Strike Not Allowed.** Motions to strike statements of fact are not allowed. If a party contends that an individual statement of fact should not be considered by the court, the party may include as part of the response that the statement of fact "should be stricken" with a brief statement of the reason(s) and the authority or record citation in support.

(emphasis in original).[1] Plaintiff has not even attempted to show good cause for a departure from this Rule. Standing alone, Plaintiff's disregard of Local Rule 56(e) is a sufficient basis to deny her Motion to Strike. *Cf. Broussard*, 110 F. Supp. 2d at 536 (plaintiff's failure to provide contested statement of facts as required by local rule, standing alone, provided sufficient basis to grant defendant's motion for summary

---

[1] Local Rule 56(e) took effect November 12, 2019, six months before Plaintiff filed her Motion to Strike. This Rule reflects longstanding federal practice, which disfavors motions to strike submitted at summary judgment. *See Trinity Med. Servs., LLC v. Merge Healthcare Sols., Inc.*, No. 17-cv-592, 2020 WL 97162, at *6 (M.D. La. Jan. 8, 2020) (Degravelles, J.) ("For approximately nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment, as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial. Acting in accord with these recommended practices renders a separate motion to strike moot or unnecessary." (citations omitted)).

judgment).

Second, and in any event, Plaintiff's claims of prejudice are not convincing. Defendant's disclosures were made on January 6, 2020, consistent with the final discovery deadline stated in the Court's Amended Scheduling Order. (Doc. 52). If Plaintiff believed she was prejudiced by Defendant's delayed disclosures, her remedy was to file a motion to strike *within seven days* of the discovery deadline. Again, Local Rule 26(d)(1) is clear on this point:

> Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery.

As noted by Defendant, Plaintiff filed nothing upon receiving Defendant's January 6 disclosures. Instead, Plaintiff waited approximately four months to challenge them, until *after* Defendant filed its Motion for Summary Judgment. Plaintiff (again) offers no explanation or good cause for disregarding Local Rule 26(d)(1), and certainly has not shown "exceptional circumstances" warranting consideration of her Motion.

Accordingly, Plaintiff's Motion to Strike is **DENIED**.

### B. Motion for Leave

#### i. Standard

Plaintiff's Motion for Leave also seeks relief from requirements imposed by the Court's Local Rules, and will be judged by the same "good cause" standard as her Motion to Strike.

#### ii. Discussion

Plaintiff's Motion for Leave is a belated attempt to submit an opposing

6

statement contesting Defendant's proposed "undisputed" material facts. Here, Plaintiff seeks to circumvent Local Rule 56(c), which plainly states:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule.

Again, Plaintiff has failed to show good cause to depart from the Local Rules. Plaintiff's counsel attributes his failure to file an opposing statement "to ongoing pandemic difficulties communicating and coordinating with his client, and ongoing lack of office assistants." (*Id.* at 1). As noted by Defendant, however, counsel's failure cannot be attributed entirely to the pandemic because counsel sought his first extension on February 28, weeks *before* the threat of Covid-19 materialized in this region of the United States. More important, counsel received *three* extensions to formulate a response to Defendant's Motion for Summary Judgment, totaling more than *two* months of additional time. Even now, three months later, Plaintiff's counsel has failed to supplement the record with a proposed counterstatement despite suggesting that he would submit a pleading within three days of filing Plaintiff's Motion for Leave. (*See* Doc. 70-1 at 2).

Moreover, the Court cannot ignore that counsel's original failure to submit an opposing statement of facts appears to have been strategic, not inadvertent. Counsel was plainly aware of the requirement to submit an opposing statement when he filed Plaintiff's Opposition, having referenced "Plaintiff's Material Facts in Opposition" at the beginning *and* end of Plaintiff's brief. (Doc. 67 at 1, 10). Further, Plaintiff's

7

Opposition does not dispute Defendant's evidence, but instead expressly "adopts those general facts as set forth by the Defendant," and thereafter endeavors to show through *argument* that "nearly every 'undisputed fact' is disputed." (*Id.* at 10). Finally, had counsel merely forgotten to attach Plaintiff's "Material Facts in Opposition," the Court would expect to have received the same as a proposed pleading with Plaintiff's Motion for Leave. Counsel's failure to submit a proposed pleading at any time since filing Plaintiff's Motion for Leave reinforces the Court's conclusion that counsel's omission was tactical.

Absent good cause, the inherent difficulties of working under a global pandemic do not excuse Plaintiff's disregard of local rules. *Cf. Mayfield v. Morris*, No. 17-cv-0891, 2020 WL 3832962, at *7 (D.N.M. July 8, 2020) ("Working from home due to Covid-19 does not relieve counsel of the duty to meet court deadlines."). Plaintiff has failed to show good cause justifying her Motion for Leave here. Accordingly, Plaintiff's Motion for Leave is **DENIED**.

### C. Motion for Summary Judgment

#### i. Standard

A Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.

8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine issue of fact. *Matsushita*, 475 U.S. at 586.

> Needless to say, unsubstantiated assertions are not competent summary judgment evidence. *The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.* Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (emphasis added; citations and quotation marks omitted).

A party that fails to present competent evidence opposing a motion for summary judgment, and/or ignores Local Rules regarding proper organization and presentation of such evidence, risks dismissal on this basis alone. *E.g.*, *Broussard*, 110 F. Supp. 2d at 536 ("Plaintiff produced no genuine issue of material fact to prevent the granting of Oryx's Motion, and therefore, the Court could grant Oryx's Motion for Summary Judgment on this basis alone.").

### ii. Discussion

Three claims remain following the Court's Order on Defendant's Motion to Dismiss: discriminatory discharge in violation of the ADA; failure to provide reasonable accommodations in violation of the ADA; and failure to promote because of Plaintiff's race in violation of 42 U.S.C. § 1981. As discussed below, these claims

9

will be dismissed because Plaintiff has utterly failed to adduce competent evidence creating a genuine dispute on the merits. As such, the Court does not address Defendant's remaining arguments that Plaintiff's claims must be dismissed due to judicial estoppel, collateral estoppel, and/or applicable statutes of limitation.

### a. Discriminatory Discharge

The ADA "expansively prohibits discrimination in employment against persons with a disability," and specifically prohibits discriminatory discharge. *Daugherty v. City of El Paso*, 56 F.3d 695, 696 (5th Cir. 1995); 42 U.S.C. § 12112(a). Plaintiff's Second Amended Complaint alleges that she was illegally discharged for having a disability (Doc. 34 at ¶ 31), but Plaintiff's Opposition fails to even address the issue. (*See generally* Doc. 67). Thus, it appears Plaintiff has abandoned this claim. *E.g.*, *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 683 (E.D. La. 2012) (plaintiff's failure to address claim in opposition papers suggested abandonment); *accord United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) (failure to raise a claim to the district court "constitutes a forfeiture").

If not abandoned, Plaintiff's discriminatory discharge claim nonetheless fails for lack of competent summary judgment evidence. To establish her *prima facie* case, Plaintiff must show: (1) she is disabled, has a record of having a disability, or is regarded as disabled; (2) she is qualified for her job position; and (3) she was subjected to an adverse employment action (discharge) because of her disability or the perception of this disability. *Callais v. United Rentals N. Am., Inc.*, No. 17-cv-312, 2019 WL 2169182, at *4 (M.D. La. May 17, 2019). Defendant contends that, at minimum, Plaintiff cannot establish the second element of her case. Moreover,

Defendant asserts that even if Plaintiff satisfies the initial showing, Defendant's motive for terminating her was legitimate and non-discriminatory: specifically, Defendant discharged Plaintiff because she was unable to perform the essential functions of her job.

Plaintiff's Opposition does not address any of Defendant's arguments, much less provide evidentiary support to create a genuine, material dispute on the merits. As such, Plaintiff has failed to carry her burden and her discriminatory discharge claim will be dismissed. *See Ragas*, 136 F.3d at 458; *Broussard*, 110 F. Supp. 2d at 536.

### b. Failure to Accommodate

The ADA further prohibits an employer from "fail[ing] to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 442 (5th Cir. 2017). Plaintiff's failure to accommodate claim requires Plaintiff to establish (1) she is a qualified individual with a disability, (2) Defendant knew of the disability and its "resulting limitations," and (3) Defendant failed to make reasonable accommodations for such known limitations. *See id.* Defendant contends that Plaintiff cannot prove the first and third elements of her claim.

As before, Plaintiff's Opposition fails to muster any evidence creating a genuine dispute as to either of these elements. Instead, Plaintiff engages in a wide-ranging, unsubstantiated discourse regarding Defendant's possible motivation for refusing Plaintiff an on-the-job fitness-for-duty examination while taking Xanax, a sedative. To repeat "unsubstantiated assertions are not competent summary judgment

11

evidence." *Ragas*, 136 F.3d at 458. Here, again, Plaintiff fails to carry her burden to identify specific evidence in the record and articulate precisely how that evidence supports her claim. *See id.* Plaintiff's failure to accommodate claim will also be dismissed.

### c. Failure to Promote

The purpose of 42 U.S.C. § 1981 is "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). In its broad terms, § 1981 "proscribe[s] discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976).

Plaintiff alleges that she was denied promotion on the basis of her race in violation of § 1981. Plaintiff must establish her *prima facie* case by showing (1) she is a member of the protected class; (2) she sought and was qualified for a position for which applicants were being sought; (3) she was rejected for the position; (4) the employer hired a person outside of the plaintiff's protected class or continued to seek applicants with the plaintiff's qualifications. *McMullin v. Mississippi Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015). Defendant contends Plaintiff cannot satisfy the second element, and, further, even if she could, Defendant's motive for failing to promote Plaintiff to a supervisory position was legitimate and non-discriminatory: specifically, Plaintiff lacked communication and leadership skills necessary for a permanent supervisor position and failed to develop these skills despite numerous opportunities.

Yet again, Plaintiff's Opposition does not address Defendant's arguments, much less direct the Court to evidence sufficient to create a genuine, material dispute. As such, Plaintiff has once again failed to carry her burden at summary judgment and her failure to promote claim will also be dismissed.

### III. CONCLUSION

Summary judgment is about evidence. Having failed to direct the Court to any evidence supporting her claims, Plaintiff cannot carry her burden of showing a genuine, material dispute. *Ragas*, 136 F.3d at 458.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike (Doc. 68) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave (Doc. 70) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 58) is **GRANTED** and Plaintiff's action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all remaining motions not addressed by this Order are **TERMINATED.**

Baton Rouge, Louisiana, to 31st day of August, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**