UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VIOLA COMBS                                                         CIVIL ACTION

VERSUS

EXXON MOBIL CORPORATION                           NO. 18-00459-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for New Trial (Doc. 93),** requesting the Court to reconsider its August 31, 2020 Judgment dismissing Plaintiff's action with prejudice. Defendant opposes Plaintiff's Motion. (Doc. 95).

Federal Rule of Civil Procedure 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." The U.S. Fifth Circuit Court of Appeals has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that *such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.* Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (emphasis added; quotation marks, citations, and alterations omitted).

The Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's action because Plaintiff failed to adduce competent evidence creating a genuine dispute on the merits of her claims. (Doc. 88 at 8-13). In her Rule 59(e)

motion, Plaintiff does not seek to introduce new evidence supporting the elements of her claims, but instead resorts to the same arguments that typified her original opposition to Defendant's Motion for Summary Judgment. (*See generally* Doc. 93-1). Because these arguments have already been considered and rejected, Plaintiff has failed to demonstrate any "manifest error[] of law or fact" that would cause this Court to reconsider its Judgment dismissing Plaintiff's claims. *Templet*, 367 F.3d at 478–79 (quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial (Doc. 93) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of October, 2020

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**